**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4568**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

SAILE JEAN, a/k/a Shorty Black, a/k/a Blackie,
a/k/a Desire Jean Sallier, a/k/a Jean Saile,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District
Judge.  (CR-01-1117)

———————

Submitted:  June 8, 2005          Decided:  July 19, 2005

———————

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

J. Bradley Bennett, SALVINI & BENNETT, L.L.C., Greenville, South
Carolina, for Appellant. Robert Hayden Bickerton, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Saile Jean appeals his jury convictions and 360-month sentence for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2000) and 21 U.S.C. § 846 (2000); possession with intent to distribute 500 grams or more of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (2000); and making false statements to a federal agent, in violation of 18 U.S.C. § 1001(a)(2) (2000). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. Jean has filed pro se supplemental briefs raising additional issues. We affirm Jean's convictions, but vacate the sentence imposed by the district court, and remand for reconsideration of the sentence in light of United States v. Booker, 125 S. Ct. 738 (2005).

Counsel raises as a potential issue that the evidence at trial was insufficient to support the jury's verdicts. A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). When, as here, the defendant challenges the sufficiency of the evidence at trial, the relevant question is whether, taking the view most favorable to the Government, there is substantial evidence to support the verdict. See Glasser v. United States, 315

- 2 -

U.S. 60, 80 (1942).  This Court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).  This Court "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  With these standards in mind, and after reviewing the record, we conclude that the evidence was sufficient to support Jean's convictions.

In his pro se supplemental brief, Jean challenges whether various testimony presented at trial was erroneously admitted. Because Jean did not raise these objections at trial, we review for plain error.  Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).  We find no plain error as to the various evidentiary issues Jean asserts in his pro se brief.

Jean further questions whether trial counsel provided ineffective assistance of counsel by failing to object to the evidence admitted at trial that Jean assigns as error.  Claims of ineffective assistance generally are not cognizable on direct appeal, but should be asserted on collateral review.  Only if

- 3 -

ineffective assistance is conclusively established on the face of the record should such claims be entertained on direct appeal. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because ineffective assistance is not conclusively shown on the face of the record, we decline to consider this claim on direct appeal. Jean may assert this claim on collateral review.

Finally, Jean argues that he should be resentenced in light of United States v. Booker, 125 S. Ct. 738 (2005), because his sentence was enhanced on judicially found facts. Specifically, Jean objects to the application of a three-level enhancement for having a supervisory or managerial role in the offense, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(b) (2002). Following the Supreme Court's decisions in Booker, this Court held, in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), that a sentence that is impermissibly enhanced based on facts found by the court constitutes plain error that affects the defendant's substantial rights and warrants vacating the sentence and remanding for resentencing under Booker. Hughes, 401 F.3d at 546-56 (citing Olano, 507 U.S. at 731-32). Because Jean's enhancement occurred under the mandatory guidelines scheme and affected his substantial rights, as it resulted in a higher guidelines range, we find the district court committed plain error in sentencing him.[1]  See

_____

[1]Just as we noted in Hughes, we offer no criticism of the district court, who followed the law and procedure in effect when Jean was sentenced.  See generally Johnson v. United States, 520

- 4 -

Hughes, 401 F.3d at 546-56.  We therefore vacate Jean's sentence and remand for resentencing.

As required by Anders, we have examined the entire record in this case and found no other error.  Accordingly, we affirm Jean's convictions, vacate the sentence imposed by the district court, and remand for resentencing consistent with Booker and Hughes.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47.

- 5 -